UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARD MUEHLEMANN, Institutional ID No. 2215265, SID No. 17821675 | § § § § | |
| Plaintiff, | § § § | |
| v. | § § § § | Civil Action No. 1:18-CV-178-BL |
| MIDDLETON UNIT, *et al.*, | § § § | |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

### REPORT AND RECOMMENDATION

Plaintiff Michael Muehlemann, proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). He alleges violation of his civil rights regarding his treatment while incarcerated at the Middleton Unit. This case was transferred to the undersigned United States Magistrate Judge for screening consistent with 28 U.S.C. §§ 1915-1915A. (Doc. 6). He responded to the Court's questionnaire requesting more specific allegations to aid in this screening process. (Docs. 9-10). Muehlemann has not consented to the jurisdiction of a United States Magistrate Judge, and no other parties have been served while the complaint is screened.

His allegation generally is that he was involved in an automobile accident while being transported to the Middleton Unit and has not received adequate medical care at any point following his arrival. He alleges more specifically that he has been advised by five separate healthcare providers that he sustained multiple injuries, but has not yet been examined by a licensed physician. (Doc. 1). In his initial complaint, Muehlemann claims numerous constitutional and civil rights violations, but failed to specify or tie any facts to constitutional provisions in his response to the questionnaire. (Docs. 1; 9). The only apparent claim from his pleadings at this point is one of cruel and unusual punishment in the form of deliberate

indifference to a serious medical need. However, effective prosecution of such a claim requires showing that there is actually such a serious medical need, and that prison officials were both aware of facts suggesting a possible inference of a substantial risk of serious harm and that they actually drew such an inference. *See Scribner v. Linthicum*, 232 F. App'x 395, 396 (5th Cir. 2007) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004).

Here, Muehlemann fails to show that there was a serious medical need, as he does not describe his injuries with any specificity beyond pain on the day of the collision. He also fails to show that the facts suggest a substantial risk of serious harm, as it has been roughly a year since his arrival at the Middleton Unit and he does not claim any harm or hardship other than the failure for the facility to accommodate him with access to a physician he considers sufficiently credentialed. Muehlemann has not sufficiently pleaded his case and has failed to prove his claim to the proper legal standards.

Because he has failed to state any claim upon which relief might be granted, **IT IS RECOMMENDED** that his complaint be **DISMISSED** as frivolous against all defendants. It is **ORDERED** that this case is transferred to the docket of Senior United States District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated March __14__, 2019.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE